# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 2, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RONALD E. WILLIAMS,**
**Claimant Below, Petitioner**

**vs.)   No. 16-1073** (BOR Appeal No. 2051302)
            (Claim No. 2013019732)

**PERFORMANCE COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ronald E. Williams, by Rodney A. Skeens and Reginald D. Henry, his attorneys, appeal the decision of the West Virginia Workers' Compensation Board of Review. Performance Coal Company, by Sean Harter, its attorney, filed a timely response.

The issue presented in the instant appeal is the amount of permanent partial disability impairment for bilateral carpal tunnel syndrome. On February 9, 2015, the claims administrator granted a 0% permanent partial disability award. The Workers' Compensation Office of Judges reversed the claims administrator's Order in a decision dated April 19, 2016, and granted Mr. Williams a 12% permanent partial disability award. This appeal arises from the Board of Review's Final Order dated October 11, 2016, in which the Board reversed the decision of the Office of Judges, and granted Mr. Williams a 2% permanent partial disability award for bilateral carpal tunnel syndrome. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 11, 2012, Mr. Williams filed a report of injury alleging that he had sustained bilateral carpal tunnel syndrome as a result of his work-related activities as an electrician and miner. Syed Zahir, M.D., signed the physician's portion of the application and indicated that Mr. Williams's diagnosis of bilateral carpal tunnel syndrome was work-related.

1

The claims administrator denied the application by Order dated April 9, 2013, and found the condition not to be causally related to his employment. Mr. Williams timely protested the claims administrator's Order.

Mr. Williams introduced into the record an independent medical examination by Bruce Guberman, M.D., dated June 5, 2013. Dr. Guberman concluded that Mr. Williams suffered from bilateral carpal tunnel syndrome as a result of using his hands repeatedly at work. Although Dr. Guberman conceded that Mr. Williams had a predisposing factor of obesity, Dr. Guberman was of the opinion that Mr. Williams would not have developed carpal tunnel syndrome but for his work exposure. By final decision dated November 25, 2013, the Office of Judges reversed the rejection of the claim by the claims administrator and held the claim compensable for the diagnosis of bilateral carpal tunnel syndrome.

Mr. Williams underwent carpal tunnel release surgery performed by Philip J. Branson, M.D., at Princeton Community Hospital. Following the successful surgery, Marsha Bailey, M.D., evaluated Mr. Williams and completed an independent medical evaluation on January 26, 2015. In her report, Dr. Bailey concluded that Mr. Williams had reached his maximum degree of medical improvement with no impairment attributable to occupationally related bilateral carpal tunnel syndrome. She found that Mr. Williams had a full range of motion in both wrists. Because of his heavily callused hands and grease stains, Dr. Bailey believed that Mr. Williams was still performing manual hand activities on a regular basis. She rated Mr. Williams at 4% upper extremity whole person impairment. However, based upon the history that his symptoms have not only persisted but worsened after his occupational exposure at Performance Coal Company, she apportioned the entire 4% impairment to non-occupational risk factors. Dr. Bailey's final recommendation was for a 0% whole person impairment rating for bilateral carpal tunnel syndrome. Based upon Dr. Bailey's recommendation, the claims administrator granted a 0% award by Order dated February 9, 2015. Mr. Williams filed a timely protest.

In another independent medical evaluaton report dated April 7, 2015, Dr. Guberman reported that surgery had improved the claimant's symptoms. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th Ed. 1993) Dr. Guberman concluded Mr. Williams had 13% whole person impairment for bilateral carpal tunnel syndrome. Dr. Guberman attributed 7% whole person impairment to the claimant's right wrist and a total of 6% impairment to the left wrist.

Robert Walker, M.D., evaluated Mr. Williams and issued an independent medical evaluation report dated July 30, 2015. Dr. Walker found 7% whole person impairment for the right median nerve component of the injury and 7% for the left upper extremity. Dr. Walker combined the impairments for his right and left upper extremities and concluded that Mr. Williams has 14% whole person impairment due to his bilateral carpal tunnel syndrome.

The employer introduced an independent medical evaluation by Prasadarao Mukkamala, M.D., dated September 25, 2015. Dr. Mukkamala apportioned 1% impairment per extremity for non-compensable factors, such as obesity. Dr. Mukkamala combined the 1% impairment per

extremity and concluded that 2% whole person impairment resulted from his carpal tunnel syndrome.

By decision dated April 19, 2016, the Office of Judges reversed the claims administrator's order dated February 9, 2015, which had granted Mr. Williams a 0% permanent partial disability award. The Office of Judges granted Mr. Williams a 12% award for bilateral carpal tunnel syndrome. In its reasoning, the Office of Judges dismissed the evaluations of Drs. Bailey and Mukkamala based upon an insufficient evaluation of his activities of daily living and the interference thereof as contemplated by Table 11, Page 48 of the American Medical Association, *Guides.*

The Office of Judges deemed the reports of Drs. Walker and Guberman to be the most credible medical evidence of record. However, because Drs. Guberman and Walker did not reduce their recommendations of whole person impairment, the ALJ reasoned that it had two options. It could affirm the claims administrator based upon either a finding that Mr. Williams had failed to introduce into the record credible medical evidence in support of his protest or find reports which the Office of Judges has already noted to be insufficiently documented to back their conclusions. It could also simply reduce the recommendation of impairment suggested by the evidence of record submitted by Mr. Williams, which is otherwise found to be credible in its methodology and adherence to the protocols of the American Medical Association's, *Guides* to conform with West Virginia Code of State Rules § 85-20-65.5 (2006). The Office of Judges opted to make a slight adjustment to the impairment ratings submitted by Drs. Walker and Guberman. After the ALJ adjusted the impairment recommendation to conform with West Virginia Code of State Rules § 85-20-65.5, Mr. Williams was awarded 6% whole person impairment per upper extremity for a total of 12%.

The Board of Review reversed the decision of the Office of Judges by Final Order dated October 11, 2016, and granted Mr. Williams a 2% permanent partial disability award based upon Dr. Mukkamala's 2% whole-person impairment rating. The Board of Review ruled that the decision of the Office of Judges was clearly wrong in view of the reliable, probative and substantial evidence of the record. The Board of Review took issue with the granting of a 12% permanent partial disability award, which was not recommended by any of the evaluators. Instead of relying upon an impairment rating from a physician, the ALJ adjusted the ratings from Drs. Walker and Guberman to conform with West Virginia Code of State Rules § 85-20-65.5 (2006). The Board of Review relied upon this Court's language in *Repass v. Workers' Compensation Division*, 212 W. Va. 86, 569 S.E.2d 162 (2002), to conclude that permanent partial disability awards are solely to be issued on the basis of impairment ratings from doctors. The Board of Review discussed that subsequent memorandum decisions have elaborated on this issue, including *Magnatech Industrial Services v. York*, No. 14-0386 (W. Va. Supreme Court, Jan. 15, 2015) (memorandum decision), in which the Court reversed an Order that was based upon the same type of reduction to conform to West Virginia Code of State Rules § 85-20-65.5. The Board ultimately found the report from Dr. Mukkamala to be the most relevant and credible report, as it conformed with the American Medical Association's, Guides and West Virginia Code of State Rules § 85-20-65.5. Mr. Williams was granted a 2% permanent partial disability

award for bilateral carpal tunnel syndrome by the Board of Review. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 2, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker